UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ORDOS CITY HAWTAI AUTOBODY
COMPANY, LTD, ET AL.,

    Plaintiffs,                              No. 13-14909

v.                                        District Judge Sean F. Cox
                                          Magistrate Judge R. Steven Whalen

DIMOND RIGGING COMPANY, LLC,
D/B/A ABSOLUTE RIGGING &
MILLWRIGHTS,

    Defendant.
_____/

**ORDER**

For the reasons and under the terms discussed below, Plaintiffs' Motion for Sanctions for Defendant's Failure to Obey Court Order [Doc. #89] is GRANTED IN PART AND DENIED IN PART.[1]

On November 14, 2014, I entered an order [Doc. #88] granting Plaintiffs' motion to compel discovery. I ordered Defendant to serve supplemental responses to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents, further directing as follows:

> "As to the document requests, Defendant shall undertake a diligent and good-faith search for all responsive documents. If responsive documents were already produced to Plaintiffs as evidentiary hearing exhibits or in any other manner, Defendant shall specifically identify, by exhibit number, Bates number, or otherwise, where the responsive documents will be found."

My order also sanctioned Defendant in the amount of $1,500.00 "representing

---

[1] Defendant has not filed a response to this motion.

Plaintiff's reasonable attorney fees and costs in bringing this motion and responding to Defendant's motion to quash subpoena [Doc. #76]." I entered a separate order denying Defendant's motion to quash a subpoena for its insurance records [Doc. #87].

Although Defendant produced documents, Plaintiffs now complain that contrary to my order, Defendant has persisted in maintaining objections to production, has withheld certain documents, and that the production is otherwise "confusing and incomplete."

Although the Defendant has, in its supplemental responses, continued to interpose objections, it nevertheless has produced documents "subject to" those objections. What is significant is the production, not Defendant's boilerplate objections. In addition, with two exceptions, the Defendant's production of documents is technically compliant with my order, and Plaintiff has not elucidated what portions of the production are confusing or incomplete. In its response to the document requests, the Defendant certified that a diligent and good-faith search/inquiry was undertaken, attached responsive documents, and certified that following the diligent search and inquiry, it was unable to locate any additional documents. Further, while Plaintiff complains that documents previously produced were not identified by Bates number, my order directed the Defendant to identify where the documents would be found by "Bates number, or otherwise." In addition to supplemental documents that were produced, Defendant directed Plaintiffs to the pleading and trial exhibits already produced. To the extent that Plaintiffs are still unclear as to where the responsive documents will be found, counsel for Plaintiffs and Defendant are directed to meet face-to-face to discuss and clarify any concerns or confusion regarding the Defendant's production.

However, Plaintiffs are correct that in its supplemental responses, Defendant improperly objected to and failed to produce insurance policies (Document Request #14)

and federal tax returns (Document Request #15). In granting Plaintiffs' motion to compel, I implicitly overruled Defendant's objections. Given that Defendant has otherwise provided supplemental discovery, including supplemental interrogatory answers which are not the subject of the present motion, and that Defendant's insurer has produced policies, a default judgment would be an unnecessarily harsh sanction under Fed.R.Civ.P. 37. *See Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir.1990)( entry of a default judgment against a party "for failure to cooperate in discovery is a sanction of last resort"). *See also Grange Mut. Cas. Co. v. Mack*, 270 Fed. App'x. 372, 376 (6th Cir.2008) (explaining that default judgment is the court's most severe discovery sanction). An additional monetary sanction will suffice.

    Accordingly,

    IT IS ORDERED that Plaintiffs' Motion for Sanctions for Defendant's Failure to Obey Court Order [Doc. #89] is GRANTED IN PART AND DENIED IN PART.

    IT IS FURTHER ORDERED that within 14 days of the date of this Order, Defendant shall produce the insurance policies and tax information requested in Plaintiff's Requests for Production of Documents #14 and #14.

    IT IS FURTHER ORDERED that counsel for Plaintiffs and counsel for Defendants shall meet face-to-face to discuss and clarify any outstanding questions the Plaintiffs may have regarding the location and/or identification of responsive documents that Defendant has produced.

IT IS FURTHER ORDERED that pursuant to Fed.R.Civ.P. 37, Defendant is sanctioned in the amount of $500.00, representing Plaintiffs' reasonable attorney fees and costs in bringing this motion.

s/R. Steven Whalen<br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Dated: April 21, 2015

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on April 21, 2015, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla<br>
Case Manager