UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Ordos City Hawtai Autobody Company, Ltd.,
*et al.,*

    Plaintiffs,

v.                                                                              Case No. 13-14909
                                                                      Honorable Sean F. Cox

Dimond Rigging Company, LLC d/b/a
Absolute Rigging & Millwrights,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S "MOTION IN LIMINE" FILED ON JULY 27, 2015 (D.E. NO. 113)

Currently before the Court is Defendant's July 27, 2015 "Motion in Limine" (D.E. No. 113). The Court finds that oral argument is unnecessary. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided upon the briefs.

The Court places the title of this motion in quotation marks because, contrary to its title, this motion is not a motion in limine. A motion in limine is a motion made, before or during trial, that seeks to exclude anticipated prejudicial evidence before the evidence is actually offered. *Louzon v. Ford Motor Company*, 718 F.3d 556, 561 (6th Cir. 2013). A motion in limine is not a vehicle for filing what is, in substance, an untimely motion for summary judgment. *Id*.

The true nature of Defendant's motion is evident from the Conclusion section of its brief, that argues that because the contracts at issue in this case "were premised upon acts (extortion of corrupt payments from ARM as a condition of the contracts and/or payment thereunder), the

contracts are void – as if they never existed – and Plaintiffs cannot introduce evidence regarding their breach." (Def.'s Br. at 16-17).

The Court concludes that Defendant's July 27, 2015 motion is an improper attempt to file an untimely motion for summary judgment on behalf of Defendant and/or an untimely response to Plaintiffs' May 11, 2015 Summary Judgment Motion, after this Court had already ruled that it would not consider an untimely response to that motion from Defendant.[1]

Resolution of Defendant's legal argument in this motion – that the contracts should be deemed void – "requires a summary-judgment analysis." *Louzon*, 718 F.3d at 562. Defendant attempts to infuse into this motion an evidentiary matter by arguing that the Court should exclude "any evidence of breach" at trial. (Def.'s Br. at 17). Such tactics must be rejected. *Louzon*, 718 F.3d at 563. Where, as here, a motion titled "motion in limine" is "no more than a rephrased summary-judgment motion," or an untimely response to a timely-filed dispositive motion, the motion should not be entertained by the Court. *Id.*

Moreover, in its August 20, 2015 Opinion & Order, this Court granted partial summary judgment in favor of Plaintiff, as to liability, with respect to Count Four of the Verified Complaint, the breach of contract count.

Accordingly, the Court ORDERS that Defendant's July 27, 2015 motion (D.E. No. 113) is DENIED.

IT IS SO ORDERED.

                                                          S/Sean F. Cox
                                                          Sean F. Cox
                                                          United States District Judge

Dated: October 8, 2015

---

[1] *See* August 20, 2015 Opinion & Order (D.E. No. 116) at 11-15.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Ordos City Hawtai Autobody Company, Ltd.,
*et al.,*

     Plaintiffs,

v.                                                Case No. 13-14909
                                                    Honorable Sean F. Cox

Dimond Rigging Company, LLC d/b/a
Absolute Rigging & Millwrights,

     Defendant.

_____/

PROOF OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 8, 2015, by electronic and/or ordinary mail.

                                  S/Jennifer McCoy
                                  Case Manager