UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Ordos City Hawtai Autobody Company,
Ltd., *et al.,*

    Plaintiffs,

v.                                                                                Case No. 13-14909
                                                                             Honorable Sean F. Cox

Dimond Rigging Company, LLC d/b/a
Absolute Rigging & Millwrights,

    Defendant.
_____/

## OPINION & ORDER
## ON MOTIONS IN LIMINE

This contentious case is scheduled to proceed to a jury trial on November 10, 2015. The matter is currently before the Court on several motions in limine filed by the parties. The Court heard oral argument on these motions on November 9, 2015. As explained below, based on what has been presented thus far, the Court makes the following rulings.

First, as to Plaintiffs' sole motion in limine (D.E. No. 120) – that broadly challenges more than 60 proposed exhibits identified by Defendant – the Court shall deny this motion without prejudice. The Court must see how the proofs play out, and how Defendant seeks to use any given exhibit, before making rulings. That said, the Court again cautions Defense Counsel that the Court will not allow Defendant to attempt to pursue its already-dismissed counterclaims at trial and that the Court may impose sanctions if appropriate.

Second, as to Defendant's Motion in Limine No. 2 (D.E. No. 121), the Court concludes that Plaintiffs did not provide the disclosures as to Heming Wang that are required by Fed. R.

1

Civ. P. 26(a)(2)(C) because they did not provide a summary of his opinions until long after they were due. As a result, the Court shall preclude Heming Wang from offering any expert opinion testimony at trial.

Third, in Defendant's Motion in Limine Nos. 3 and 4 (D.E. Nos. 122 & 123), Defendant improperly makes untimely summary judgment arguments that the Court will not entertain.

Fourth, Defendant has also filed what appears to be another, but untimely, motion in limine after the Court-imposed deadline (D.E. No. 133). The Court reserves making any rulings as to the exhibit challenged in this filing until trial, when the Court can see how the proofs play out.

## BACKGROUND

Plaintiffs filed their Verified Complaint (D.E. No. 1) on November 27, 2013. It included the following claims against Defendant: 1) Claim and Delivery (Count I); 2) Conversion (Count II); 3) Declaratory Relief (Count III); 4) Breach of Contracts (Count IV); 5) Negligence (Count V); and 6) Unjust Enrichment (Count VI). But Counts III, V, and VI were recently voluntarily dismissed by Plaintiffs.

Defendant filed an Answer to the Complaint, along with Affirmative Defenses and Counterclaims, on April 24, 2014. (D.E. No. 35). Defendant filed Amended Counterclaims on August 6, 2014 (D.E. No. 73).

The Court issued the Scheduling Order in this matter (D.E. No. 56) on July 10, 2014, which provides a January 7, 2015 deadline for identifying all witnesses, including experts, and stated that "Expert disclosure must be accompanied by a written report of the expert as required by Fed. R. Civ. P. 26(a)(2), unless the parties stipulate otherwise, or by leave of Court." (*Id.*).

The Scheduling Order also provides that: 1) discovery had to be completed by April 9, 2015; 2) motions (except motions in limine) had to be filed by May 11, 2015; 3) the Final Pretrial Conference would be held on September 21, 2015; and 4) the trial was scheduled for the months of November/December of 2015.  (*Id*.).

In this Court's August 20, 2015 Opinion & Order (D.E. No. 116) this Court admonished counsel for both parties for their behavior in this case – which has included failure to follow the Federal Rules of Civil Procedure and this Court's orders.  (*Id.* at 8-15).

In that Opinion & Order, this Court granted summary judgment with respect to all nine of Defendant's Counterclaims.  (*Id*. at 35) (Ordering that "All of Defendant's Amended Counterclaims are DISMISSED.").

In that same opinion and order, this Court also granted partial summary judgment with respect to Count IV of Plaintiff's Verified Complaint.  In Count IV ("Breach of Contracts"), Plaintiffs allege that Defendant breached five different written contracts "for the Line 7 and Line 15 Rigging Services and for the Line 7 and Line 15 Transportation Services" which were attached to the Verified Complaint as Exhibits 1, 2, 4, 5, and 6.  The Opinion & Order states that the Court granted summary judgment as to liability, in favor of Plaintiffs, "on Plaintiffs' Count Four (Breach of Contract) insofar as it concerns Defendant's breach of the Line 15 Transportation Agreement and Amended Transportation Agreement." (*Id*. at 24 & 35).  The Opinion & Order also ruled that:

> Defendant agreed to rebuild Plaintiffs' Line 7 Elevator using the insurance
> proceeds paid to it by Traveler's, but failed to do so.  Because Defendant had a
> duty to perform but did not, Defendant breached the parties' contract.  The Court
> shall enter judgment on liability in Plaintiffs' favor on Count Four of Plaintiffs'

3

Verified Complaint.[1]

(*Id*. at 25).

At the upcoming trial, Plaintiffs will seek to establish the amount of damages that they are entitled to with respect to: Defendant's "breach of the of the Line 15 Transportation Agreement and Amended Transportation Agreement" and the amount of damages incurred with respect to rebuilding the Line 7 Elevator. (*See* Final Pretrial Order at 3-4 and 8/20/15 Opinion & Order at 24-25). In addition, it also appears from the Joint Final Pretrial Order that Plaintiffs also wish to pursue their: 1) "claims that Defendant violated the Line 7 and Line 15 Rigging Agreements" (as alleged in Count IV); and 2) "claim that Defendant committed statutory conversion of the Line 15 Equipment under MCLA 600.2919a" (as alleged in Count II). (*See* Joint Final Pretrial Order at 3-4).

This Court issued an "Order Regarding Trial" (D.E. No. 118) on October 6, 2015. That order provides that all motions in limine were required to be filed by October 19, 2015, that responses to motions in limine were due by October 26, 2015, and that the motions in limine, as well as admissibility of exhibits, would be argued on November 9, 2015. (*Id*.).

---

[1] The Court shall leave the issue of damages regarding the lost elevator for determination at trial.

**ANALYSIS**

Collectively, the parties have filed four motions in limine, one filed by Plaintiffs and three filed by Defendant. Defendant also filed a submission titled as an Objection to an Exhibit. They are addressed below.

**A.     Plaintiffs' Only Motion in Limine (D.E. No. 120)**

In their sole Motion in Limine, Plaintiffs make a broad, sweeping argument challenging "the majority of the 63 exhibits listed by Defendant" in its exhibit list. (D.E. No. 120 at 1). Plaintiffs believe that Defendant will use the various exhibits on its list to try to re-litigate Defendant's counterclaims, which were already dismissed by this Court. They argue that the exhibits are not relevant given that the counterclaims were dismissed. They also argue unfair prejudice.

To the extent that Defendant may attempt to use any of its exhibits to advance its previously-dismissed counterclaims at trial, the Court will preclude Defense Counsel from doing so. Defendant's counterclaims were dismissed and are not proceeding to trial.

The problem with the motion is that it challenges *more than 60 exhibits* – before trial – without Defendant being able to explain why or how it intends to use each exhibit.

Defendant's brief claims that Plaintiffs' "shot-gun approach" to challenging virtually all of Defendant's proposed trial exhibits is improper. Defense Counsel notes that Defendant has asserted various affirmative defenses and asserts that the Court should wait to see how the proofs play out before it rules on the admissibility of Defendant's proposed exhibits.

This Court cautions Defense Counsel that it will not allow Defendant to argue, or attempt to pursue, its already-dismissed counterclaims at trial. But the Court shall deny this motion

without prejudice, and allow the proofs to play out before it makes rulings as to the admissibility of Defendant's proposed trial exhibits. This Court will not broadly preclude all or most of Defendant's proposed trial exhibits without knowing how the proofs are going to play out and without knowing how Defendant may potentially wish to use a given proposed exhibit at trial.

**B.     Defendant's Motion in Limine No. 2, Regarding Heming Wang (D.E. No. 121)**

In this motion, Defendant challenges two of Plaintiffs' proposed trial exhibits and the testimony of one witness, Heming Wang.

This Court's July 10, 2014 Scheduling Order (D.E. No. 56) stated the following as to witnesses:

> WITNESSES: The deadline for identification of all witnesses who may testify at trial, including expert witnesses, is JANUARY 7, 2015 (Expert disclosure must be accompanied by a written report of the expert as required by Fed. R. Civ. P. 26(a)(2), unless the parties stipulate otherwise, or by leave of Court.)

(D.E. No. 56). When Plaintiffs filed their Witness List (D.E. No. 91) they identified Heming Wang as follows:

> Heming Wang, c/o Butzel Long – Mr. Wang is currently employed by Hawtai Motor Group (Plaintiffs' parent company) as the Minister of Power Equipment and also is employed by Plaintiffs for purposes of installation of the Equipment at issue in this case. He was previously employed by Plaintiffs as the Assistant General Manager for the Inner Mongolia plant for which the Equipment at issue in this case was purchased. He has decades of experience as an engineer assembling and installing automotive press and other equipment similar to the Equipment in this case. Mr. Wang was present in the U.S. during the disassembly by Dimond of much of the Equipment at issue; supervised the inspection and evaluation of the Equipment on its arrival in China; and is supervising the efforts to repair and re-assemble the Equipment in China. Mr. Wang will testify to the facts he has observed and of which he otherwise has personal knowledge concerning the disassembly of the Equipment, the condition of the Equipment at various points in time, including authenticating photos and other documents, and Plaintiffs' ongoing efforts to repair and re-assemble the Equipment, including the

> costs of these efforts and the damages sustained by Plaintiffs as the result of Defendant's breaches of its duties of care with respect to the Equipment. **Mr. Wang's duties as Plaintiffs' employee do not regularly involve providing expert testimony. However, some of the expected testimony by Mr. Wang as summarized above may constitute opinion testimony under FRE 702,[2] including but not limited to his testimony regarding the applicable standards of care, breach thereof by Dimond, damages to the Equipment, and what is required to repair the Equipment and restore it to operation.** Thus, the above disclosure is made pursuant to **Fed.R.Civ.Pro 26(a)(2)(C).**

(*Id*. at Pg ID 1113-14) (Bolding added for emphasis).

In the Joint Final Pretrial Order, Plaintiffs identified Heming Wang as a "Lay/expert" witness who will testify in person at trial. (D.E. No. 117 at Pg ID 1921).

Among Plaintiffs' proposed trial exhibits are: 1) "Reports of Damages to Line 15 Equipment (missing cable; damaged pillar, bracket and travel switch; damaged sliding block adjusting gearbox." (Plaintiffs' proposed Exhibit BB); and 2) "Summary of Attorneys fees and costs" (Plaintiffs' proposed Exhibit CC).[3]

Defendant asserts that Exhibit BB is a 56-page expert report on damages. It asserts that the current version of report that was not provided to it until September 23, 2015 – some 10 months after expert reports were due. Defendant contends the late disclosure prevented it from deposing this expert. Defendant's Motion asks the Court to: 1) preclude Plaintiffs from introducing the two exhibits mentioned above (Heming's report regarding Line 15 damages and the summary of attorney fees) at trial; and 2) to preclude Heming Wang from "offering opinion testimony of Line 15 Equipment damage." (D.E. No. 121 at 1). "Alternatively," Defendant's

---

[2]Recall that Fed. R. Evid. 702 governs "Testimony by Expert Witnesses."

[3]Defendant's MIL refers to this proposed Exhibit as Plaintiffs' Exhibit AA but the numbers must have changed.

motion asserts that "trial in this matter must be adjourned to permit Defendant to review Wang's expert report; retain a counter-express witness, and permit its own expert to analyze and report his/her own findings." (*Id*. at 4).

Defendant's motion also asserts that Plaintiffs' exhibit regarding the amount of attorney fees incurred "should be precluded from introduction into evidence or consideration/viewing of the jury" and that "Plaintiffs' request for attorneys' fees is a question for the court to decide; not the jury." (Def.'s motion at 4). In response to this portion of the motion, Plaintiffs state that "Attorney fees are a recoverable items of damages under Count II of Plaintiffs' Verified Complaint (Conversion). Plaintiffs would be happy to have the Court rather than the jury determine this item of damages." (Pls.' Br. at 7 n.2). Accordingly, as the Court confirmed at the November 9, 2015 hearing, the parties now agree that if Plaintiffs prevail as to the Conversion claim asserted in Count II, the Court would then determine the amount of attorneys' fees to be awarded. Plaintiffs also agree that the jury will not hear any testimony as to attorney fees.

In responding to the remainder of the motion (i.e., the portion seeking to preclude the report marked at Exhibit BB and Heming Wang's testimony), Plaintiffs assert that "Mr. Wang was not required to produce a formal expert report, since he is not a specially retained expert and does not regularly testify, and the report he produced is not an 'expert report.'" (Pls.' Br. at 4-5). Plaintiffs also stress that Defendant admits to having received the prior version of Mr. Wang's report back on July 17, 2015, but that Defendant never sought to depose him.

Thus, the Court needs to determine: 1) what Plaintiffs' obligations were with respect to Mr. Wang; and 2) whether Plaintiffs satisfied those obligations.

Rule 26 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

(2) Disclosure of Expert Testimony.

> (A) In General. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.
>
> (B) Witnesses Who Must Provide a Written Report. Unless otherwise stipulated or ordered by the court, **this disclosure must be accompanied by a written report**--prepared and signed by the witness--**if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.** The report must contain:
>> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>> (ii) the facts or data considered by the witness in forming them;
>> (iii) any exhibits that will be used to summarize or support them;
>> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>> (vi) a statement of the compensation to be paid for the study and testimony in the case.
>
> (C) Witnesses Who Do Not Provide a Written Report. Unless otherwise stipulated or ordered by the court, **if the witness is not required to provide a written report, this disclosure must state:**
>> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>> (ii) a summary of the facts and opinions to which the witness is expected to testify.
>
> (D) Time to Disclose Expert Testimony. A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:
>> (i) at least 90 days before the date set for trial or for the case to be ready for trial; or
>> (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other

        party's disclosure.

Fed. R. Civ. P. 26 (emphasis added).

    Accordingly, under Fed. R. Civ. P. 26(a)(2)(A), Plaintiffs were required to disclose the identity of any witness they may use at trial to present expert testimony under Fed. Rule Civ. P. 702. Plaintiffs did that when they identified Mr. Wang on their witness list.

    Next, under Fed. R. Civ. P. 26(a)(2)(B), Plaintiffs were required to provide a written expert report, meeting the specific requirements in the rule, "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Based on the information provided in the portion of Plaintiffs' witness list concerning Mr. Wang, and in Plaintiffs' response to the pending motion, this Court cannot determine if he is governed by this subsection or not.

    But even if Plaintiffs were not required to provide an expert report under Fed. R. Civ. P. 26(a)(2)(B), then they would still be required to comply with the requirements of Fed. R. Civ. P. 26(a)(2)(C) by making a disclosure stating "the subject matter on which the witness is expected to present evidence under Federal Rule of Civil Procedure 702" and "**a summary of the facts and opinions** to which the witness is expected to testify." (Emphasis added).

    Plaintiffs were required to make their required expert disclosures by January 7, 2015. While their witness list gave Defendant notice that Mr. Wang may offer expert testimony, and a summary of the general topics he may cover, it did not provide a summary of his actual opinions. *See Little Hocking Water Assoc., Inc. v. E.I. Dupont De Nemours & Co.*, 2015 WL 1105840 (S.D. Ohio 2015) (A mere statement as to the topics is insufficient, the disclosure must at least state a brief account of the main opinions of the witness).

Plaintiffs later provided reports from Mr. Wang, in July, 2015 and September, 2015 – but that was long after the April 9, 2015 close of discovery and even after the deadline for filing motions. Thus, the Court concludes that Plaintiffs failed to comply with their requirements concerning the use of Mr. Wang as an expert witness. Moreover, given that the Court has held Defendant to deadlines in this case (i.e., not allowing a late summary judgment response), it would be unfair to allow such a significant violation of the rules by Plaintiffs to go unchecked.

Under Fed. R. Civ. P. 37(c)(1), failure to comply with Rule 26(a) empowers a district court to preclude the use of that expert and that expert's information at trial, "unless the failure was substantially justified or is harmless." The failure here was not substantially justified and was not harmless.

Accordingly, the Court shall grant this motion in part, to the extent that the Court shall preclude Heming Wang from offering any opinion testimony at trial.[4]

## C.    Defendant's Motion in Limine Nos. 3 and No. 4 (D.E. Nos. 122 & 123)

In denying Defendants' July 27, 2015 "Motion In Limine," this Court explained that "A motion in limine is a motion made, before or during trial, that seeks to exclude anticipated prejudicial evidence before the evidence is actually offered. *Louzon v. Ford Motor Company*, 718 F.3d 556, 561 (6th Cir. 2013). A motion in limine is not a vehicle for filing what is, in substance, an untimely motion for summary judgment. *Id*." (D.E. No. 119 at 1). The Court concluded that "Defendant's July 27, 2015 motion is an improper attempt to file an untimely motion for summary judgment on behalf of Defendant" and explained:

---

[4]Depending on how the proofs play out, the Court *may* allow Plaintiffs to present photographs contained in the report prepared by Heming Wang.

> Resolution of Defendant's legal argument in this motion – that the contracts should be deemed void – "requires a summary-judgment analysis." *Louzon*, 718 F.3d at 562. Defendant attempts to infuse into this motion an evidentiary matter by arguing that the Court should exclude "any evidence of breach" at trial. (Def.'s Br. at 17). Such tactics must be rejected. *Louzon*, 718 F.3d at 563. Where, as here, a motion titled "motion in limine" is "no more than a rephrased summary-judgment motion," or an untimely response to a timely-filed dispositive motion, the motion should not be entertained by the Court. *Id.*

(*Id*. at 2).

In Defendant's "Motion in Limine No. 3" and its "Motion in Limine No. 4," Defendant once again makes legal arguments that require a summary judgment analysis – that the damages Plaintiffs can recover in this action are limited by terms of written contracts, the economic loss doctrine, etc. Defendant again tries to couch these motions as motions in limine by arguing that "Plaintiffs should be precluded from introducing any evidence of loss of damage other than as permitted" in the parties' contracts. (*See, e.g.*, D.E. No. 122 at 6 & D.E. No. 123 at 6). Again, such tactics must be rejected because where, as here, a motion in limine is simply a rephrased motion for partial summary judgment, it should not be entertained by the Court. The Court shall deny both of these motions.

### E. Defendant's Additional, Untimely Motion in Limine (D.E. No. 133)

This Court's "Order Regarding Trial" (D.E. No. 118) states that all motions in limine were required to be filed by October 19, 2015, that responses to motions in limine were due by October 26, 2015, and that the motions in limine, as well as admissibility of exhibits, would be argued on November 9, 2015. (*Id.*).

On or before the October 19, 2015 deadline for filing motions in limine, Plaintiffs filed one motion in limine and Defendant filed three (in addition to the one it filed back in July).

12

On October 21, 2015, Defendant filed what it titled, "Defendant's Supplemental Objection To Plaintiffs' Trial Exhibit 'Q'" (D.E. No. 133). The filing does not say what it is "supplementing." It appears to be another, but untimely, motion in limine. Defendant argues that it was unable to file a timely motion because of Plaintiffs' changing positions.

Regardless of the timeliness issue, the Court declines to rule on the admissibility of the exhibit challenged in this motion at this time. Defendant contends that Exhibit Q, which is titled "Claim Payment Documentation Received from Travelers Per Subpoena," based on relevance and unfair prejudice. Defendant also argues that use of this exhibit would be cumulative. The Court shall wait to see how the proofs play out, and whether, and how, Plaintiffs propose to use Exhibit Q at trial, before making any rulings to this proposed exhibit.

## CONCLUSION & ORDER

For the reasons set forth above, and as stated on the record on November 9, 2015, IT IS ORDERED that:

1) Plaintiffs' Motion in Limine (D.E. No. 120) is DENIED WITHOUT PREJUDICE.

2) Defendant's Motion in Limine Regarding Heming Wang (D.E. No. 121) is GRANTED in PART. The motion is GRANTED to the extent that the Court precludes Plaintiffs from presenting any expert opinion testimony from Heming Wang at trial.

3) Defendant's Third and Fourth Motions in Limine (D.E. Nos. 122 & 123) are DENIED.

4)	Defendant's Additional, Untimely Motion in Limine (D.E. No. 133) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

                      S/Sean F. Cox
                      Sean F. Cox
                      United States District Judge

Dated: November 9, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 9, 2015, by electronic and/or ordinary mail.

                      S/Kelly Winslow for Jennifer McCoy
                      Case Manager Generalist