UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Ordos City Hawtai Autobody Company,
Ltd., *et al.,*

    Plaintiffs,

v.                                       Case No. 13-14909
                                          Honorable Sean F. Cox

Dimond Rigging Company, LLC d/b/a
Absolute Rigging & Millwrights,

    Defendant.
_____/

## ORDER DENYING
## DEFENDANT'S MOTIONS FOR JUDGMENT AS A MATTER OF LAW

Plaintiffs proceeded to a jury trial on their breach of contract and conversion claims against Defendant. Following the close of Plaintiffs' proofs, Defendant filed: 1) a "Motion for Directed Verdict Regarding Plaintiffs' Statutory Conversion Claim Under MCLA 600.2919a" (Docket Entry No. 152); and 2) a "Motion for Directed Verdict Regarding Plaintiffs' Claim for Breach of Line 15 Rigging Agreement" (Docket Entry No. 153). Plaintiffs responded to the motions in writing. The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not aid the decisional process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided without oral argument. For the reasons set forth below, the Court DENIES both motions.

Defendant's motions are brought pursuant to Fed. R. Civ. P. 50. The standard that applies to Defendant's motions is as set forth by the Sixth Circuit below:

    In the Sixth Circuit, the state law standard for a motion for judgment as a

1

> matter of law controls in a diversity case. *Ridgway v. Ford Dealer Computer Services, Inc.*, 114 F.3d 94, 97 (6th Cir. 1997). Under Michigan law, in a motion for directed verdict, i.e., a motion for judgment as a matter of law, the evidence and all legitimate inferences are viewed in the light most favorable to the nonmoving party. *Sniecinski v. Blue Cross and Blue Shield of Michigan*, 469 Mich. 124, 131, 666 N.W.2d 186 (2003). "A motion for directed verdict ... should be granted only if the evidence viewed in this light fails to establish a claim as a matter of law." *Id.* "If reasonable jurors could honestly have reached different conclusions, [the court] may not substitute its judgment for that of the jury." *Wiley v. Henry Ford Cottage Hospital*, 257 Mich.App. 488, 491, 668 N.W.2d 402 (Mich.App. 2003).

*Innotext, Inc. v. Petra'Lex USA, Inc*., 694 F.3d 581, 588 (6th Cir. 2012).

In its motion that challenges Plaintiffs' claim for statutory conversion, Defendant contends that Plaintiffs failed to present sufficient evidence at trial to establish the essential elements. Defendant's motion asserts, among other things, that Plaintiffs failed to present evidence at trial to establish that Defendant converted the property at issue for its "own use," as is required under Michigan law to establish a claim of statutory conversion under Mich. Comp. Laws § 600.2919a.

As Plaintiffs stress in their response, under Michigan law, using converted property as leverage against the plaintiff in order to attempt to collect payments allegedly owed, is sufficient to establish the conversion of property to one's "own use" as required by the statute. *Aroma Wines & Equip., Inc. v. Columbian Dist. Svs., Inc.,* 497 Mich. 337 (2015). Viewing the evidence in the light most favorable to Plaintiffs, the Court concludes that a reasonable juror could find that Plaintiffs established a claim of statutory conversion under Michigan law. Accordingly, the Court must deny Defendant's first motion.

In its motion that challenges Plaintiffs' Breach of Contract Count, Defendant only challenges Plaintiffs' ability recover damages for alleged breaches of the Line 15 Rigging

Agreement.  In doing so, Defendant asserts that Plaintiffs have failed to present any evidence at trial to establish a breach of Line 15 Rigging Agreement.

Viewing the evidence presented at trial in the light most favorable to Plaintiffs, the Court concludes that a reasonable juror could conclude that Defendant breached the Line 15 Rigging Agreement.  Thus, the Court must deny Defendant's second motion (D.E. No. 153).

For these reasons, IT IS ORDERED that Defendant's Motions (D.E. No. 152 & 153) are both DENIED.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  November 20, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 20, 2015, by electronic and/or ordinary mail.

S/Kelly Winslow for Jennifer McCoy
Case Manager Generalist