UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ORDOS CITY HAWTAI AUTOBODY
COMPANY, LTD, ET AL.,

    Plaintiffs,                      No. 13-14909

v.                                    District Judge Sean F. Cox
                                     Magistrate Judge R. Steven Whalen

DIMOND RIGGING COMPANY, LLC,
D/B/A ABSOLUTE RIGGING &
MILLWRIGHTS,

    Defendant.
                                /

**OPINION AND ORDER**

        Following trial, Plaintiffs were granted a money judgment against Defendant Dimond Rigging Company, LLC ("Dimond") in the amount of $1,214,000.00 [Doc. #171].[1] Plaintiffs are pursuing discovery to collect on that judgment. Toward that end, they served non-party subpoenas on JP Morgan Chase Bank, N.A. ("Chase") and Prime Financial, Inc. ("Prime"), seeking financial and other documents regarding Ron One, LLC ("Ron One"). Plaintiffs contend that Dimond transferred assets to Ron One, and that in fact, Ron One is the alter ego of Dimond. Dimond and Ron One have filed the following motions seeking to quash the subpoenas:

        Defendant's Motion to Quash Second Invalid Subpoena [to Chase] [Doc. #184].

        Defendant Dimond Rigging Company's and Third Parties' Ronald Lech and Ron One, LLC's Objections and Motion for Protective Order or to Quash Subpoena to Prime Financial, Inc. [Doc. #202].

---

[1] Previously, the Court granted summary judgment to Plaintiffs on liability as to their breach of contract claim [Doc. #116].

Third Party Ron One, LLC's Motion to Quash Subpoena [to Chase] and to Continue Hearing on Judgment Debtor's Motion to Quash Chase Subpoena 2 Until Completion of Judgment Debtor's Creditor's Examination [Doc. #203].

For the reasons and under the terms set forth below, all three motions will be DENIED.

## I. LEGAL PRINCIPLES RE: POST-JUDGMENT DISCOVERY

"[T]he scope of postjudgment discovery is very broad." *Unites States v. Conces*, 507 F.3d 1028, 1040 (6th Cir. 2007), quoting *F.D.I.C. v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995). Fed.R.Civ.P. 69(a)(2) provides that a judgment creditor "may obtain discovery from any person-including the judgment debtor-as provided in these rules or by the procedure of the state where the court is located." A judgment creditor is entitled to "a very thorough examination of the judgment debtor." *Credit Lyonnais, S.A. v. SGC Int'l, Inc.,* 160 F.3d 428, 430–31 (8th Cir.1998) (quoting *Caisson Corp. v. County West Bldg. Corp.,* 62 F.R.D. 331, 335 (E.D.Pa.1974)), and "the presumption should be in favor of full discovery of any matters arguably related to the [creditor's] efforts to trace [the debtor's] assets and otherwise to enforce the judgment." *Id*.

Moreover, discovery as to non-parties is appropriate where "the relationship between [the judgment debtor and the non-party] is sufficient to raise a reasonable doubt about the bona fides of any transfer of assets between them." *Id.,* 160 F.3d at 431 (quoting *Magnaleasing, Inc. v. Staten Island Mall,* 76 F.R.D. 559, 562 (S.D.N.Y.1977)). *See also Mountain Dudes, LLC v. Split Rock, Inc*. 2013 WL 5435707, *3 (D.Utah 2013) ("[I]n order to successfully move for discovery against a nonparty the movant need not prove conclusively that the nonparty is an extension of the judgment debtor, but need only present evidence sufficient to raise legitimate questions about the relationship between the judgment debtor and the nonparty, and consequently, transactions between the two.");

*Scioto Constr., Inc. v. Morris*, 2007 WL 108906, *2 (E.D. Tenn. 2007) "[T]he judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor" (internal citations omitted); *O.J. Distributing, Inc. v. Hornell Brewing Co., Inc.*, 2012 WL 4757940, *2 (E.D. Mich. 2012)(judgment creditor entitled "to obtain information from parties and non-parties alike, including information about...assets that have been fraudulently transferred.").

## II. DISCUSSION

The facts regarding the underlying lawsuit are fully set forth in the Court's Opinion and Order granting the Plaintiffs' summary judgment motion [Doc. #116].

Ronald W. Lech, II, was Dimond's president, and is also the president of Ron One, LLC. Prime Financial leased a facility to Ron One, and loaned money to both Ron One and Dimond. Neither Mr. Lech, Ron One, nor Prime is a party to this action. Nevertheless, the relationship between these entities is fair game for inquiry. The transcript of Mr. Lech's creditor's examination under oath is instructive in this regard.[2]

Mr. Lech testified as follows: Ron One leases warehouse space from Prime Financial. *Lech Transcript*, 33-34. This is where Dimond had its equipment. *Id*. Like Dimond, Ron One does rigging work, although Mr. Lech qualified this, stating that Ron One "does light rigging work or light moving work, yes, but it does no heavy work for Dimond." *Id*. 42.[3] Dimond had no employees in 2013, so it contracted employees to do its business; Ron One stepped in and did that. *Id*. 42. Ron One's address at 2590 Pembroke

---

[2] The pertinent portions of Mr. Lech's examination transcript are found at Exhibit 1 to Plaintiff's response [Doc. #192] to the motion to quash subpoena to Chase.

[3] At odds with Mr. Lech's testimony is a job listing for Ron One that describes the company as "a Rigging Company that Moves heavy Machinery." *Plaintiff's Response* [Doc. #192], Exhibit 3. This job posting also lists Ron One's website as "Absoluterigging.net." Absolute Rigging is the DBA of Dimond.

in Birmingham, MI is the same as Dimond's address. *Id*. 44. Ron One's telephone number, (248) 649-2222, is the same as Dimond's telephone number. Prime One provided credit to both Ron One and Dimond for equipment and working capital. Ron One was the guarantor on the loans, and Prime One had a security agreement on Ron One's and Dimond's assets. *Id*. 52-55.[4] Thirteen days before its loan with Prime, Dimond received the $975,000 insurance payment from Traveler's, regarding Plaintiff's elevator that was lost at sea. *Id*. 62.[5] Prime has taken steps to foreclose on the security agreement, including title to equipment. Mr. Lech was unsure if Prime was in actual possession of any equipment, including Dimond's equipment. *Id*. 67-68. The value of the equipment on which Prime has a security interest is about one million dollars. *Id* 70. Dimond made payments to Ron One for "reimbursement" and labor fees, and Ron One loaned money to Dimond. *Id*. 71-72.

Plaintiff contends that Ron One and Dimond are one in the same, or alter egos of each other, but again, that is not a prerequisite to ordering discovery. *Mountain Dudes, LLC v. Split Rock, Inc., supra*. The Plaintiff "need only present evidence sufficient to raise legitimate questions about the relationship between the judgment debtor and the nonparty, and consequently, transactions between the two." *Id*. Based on the above evidence, there is a clear interconnection between Dimond, Ron One, and Prime,

---

[4] The Security Agreement, submitted as Exhibit 2 to Plaintiff's response [Doc. #192], provides for a loan of $735,000.00 to Dimond and Ron One. Mr. Lech signed the agreement on behalf of both Dimond and Ron One.

[5] Pursuant to contract, Defendant transported certain of Plaintiffs' equipment by ship, including an elevator in late 2011/early 2012. This equipment was covered against loss or damage during transit by a Travelers Insurance Company policy obtained by Defendant. The elevator fell overboard and was lost at sea. Around February 19, 2013, Defendant received payment from Travelers in the amount of $975,000 to rebuild the elevator.

including common ownership of Dimond and Ron One, intermingling of equipment, and a joint loan and security agreement with Prime, signed less that two weeks after Dimond received $975,00.00 in insurance proceeds relative to the loss of Plaintiff's elevator. The relationship among these entities "is sufficient to raise a reasonable doubt[6] about the bona fides of any transfer of assets between them." *Magnaleasing, Inc. v. Staten Island Mall*, 76 F.R.D. 559, 562 (S.D.N.Y.1977). *See also, Falicia v. Advanced Tenant Servs., Inc.*, 235 F.R.D. 5, 9 (D.D.C. 2006) (denying third party corporations' motions to quash bank record subpoenas where the same family owned the judgment debtor corporation and two subpoenaed third party corporations).

There is no basis to quash these subpoenas. I note, however, that the original subpoenas seek records going back to 2010, which significantly predates the events giving rise to this lawsuit. In its response to Ron One's motion to quash [Doc. #207, pg. ID 3950], Plaintiff indicates a willingness to reduce the time frame from January 2013 to the present. I find that modification to be reasonable.

---

[6] This is not to be confused with the "reasonable doubt" standard of proof that applies to criminal cases. Instead, Plaintiff "need only present evidence sufficient to raise legitimate questions about the relationship between the judgment debtor and the nonparty, and consequently, transactions between the two." *Mountain Dudes, LLC, supra*, 2013 WL 5435707 at *3. Nonetheless, if this were a criminal case, there would be probable cause to issue a search warrant for the subpoenaed material.

### III. CONCLUSION

Therefore, the motions to quash [Doc. #184, #202, and #203] are DENIED. The entities to whom the subpoenas are directed will produce the requested documents, subject only to the restriction that the applicable time frame will be January, 2013 to the present.

**IT IS SO ORDERED.**

                                          s/ R. Steven Whalen
                                          R. STEVEN WHALEN
                                          UNITED STATES MAGISTRATE JUDGE

Dated: September 22, 2016

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on September 22, 2016, electronically and/or by U.S. mail.

                                          s/Carolyn M. Ciesla
                                          Case Manager to the
                                          Honorable R. Steven Whalen